# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CYNTHIA SMITH, | ) |
| | ) CIVIL ACTION FILE |
| Plaintiff, | ) File No. _____ |
| | ) |
| v. | ) |
| | ) |
| ORAFOL AMERICAS, INC. | ) **JURY TRIAL DEMANDED** |
| AND VIRGIL JENKINS, | ) |
| in his Individual Capacity | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Cynthia Smith ("Ms. Smith" or "Plaintiff") respectfully submits the following Complaint:

## INTRODUCTION

1. Ms. Smith is a former employee of Defendant Orafol Americas, Inc. ("Orafol"). Defendant Virgil Jenkins ("Mr. Jenkins") (collectively with Orafol "Defendants") was Ms. Smith's co-worker at Orafol. Ms. Smith brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended by the Civil Rights Act of 1991, ("Title VII") and various state laws to correct the unlawful employment practices alleged herein. She seeks declaratory and injunctive relief, equitable relief, damages, and attorneys' fees and costs.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendants reside in the Southern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

4. Plaintiff is a resident of the Southern District of Georgia and is subject to this Court's jurisdiction.

5. Defendant Mr. Jenkins is a resident of the Southern District of Georgia and is subject to this Court's jurisdiction. He may be served with process via personal service at his residence at 112 Sweet Briar Trail, Statesboro, GA 30461-3538.

6. Defendant Orafol Americas, Inc. ("Orafol") is a foreign profit corporation which conducts business within the Southern District of Georgia at 1100 Orafol Parkway, Ellabell, Georgia 31308. Orafol may be served with process by serving its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## ADMINISTRATIVE PROCEEDINGS

7. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 2, 2020.

8. The EEOC issued a Notice of Right to Sue to Plaintiff on July 9, 2020.

9. Plaintiff files this lawsuit within ninety (90) days of receiving the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

10. Orafol hired Ms. Smith, a female, as a production operator on or about April 8, 2019.

11. Orafol employed Mr. Jenkins, a male, at the same location and on the same shift as Ms. Smith.

12. Orafol placed Mr. Jenkins in a position to have access to female co-workers, including but not limited to Ms. Smith.

13. Orafol knew, or through reasonable diligence should have known, that Mr. Jenkins has a propensity to sexually harass female employees.

14. Within the first two weeks of her employment at Orafol, Mr. Jenkins began subjecting Ms. Smith to unwelcomed sexual advances, solicitations and comments.

15. Mr. Jenkins asked Ms. Smith whether she was married, and when she confirmed she was, he asked her if she ever "went outside" her marriage.

16. Ms. Smith clearly told Mr. Jenkins, "No," but he nonetheless told her he wanted to "hook up" with her.

17. Mr. Jenkins would also make comments such as, "I've got to get me some Cynthia."

18. Anytime Mr. Jenkins saw Ms. Smith at work, he would press her about when the two of them could "get together."

19. Mr. Jenkins begged Ms. Smith for her phone number.

20. Ms. Smith repeatedly refused to give Mr. Jenkins her telephone number.

21. On or about June 24, 2019, Mr. Jenkins trapped Ms. Smith in the "clean room" on the Orafol premises during the middle of a busy shift, blocked her exit from the room, and sexually assaulted her.

22. Ms. Smith was alone in the clean room cleaning pots when Mr. Jenkins approached her from behind, forcibly wrapped his arms around her body, and pressed her back against his body, thereby pinning her arms down.

23. Mr. Jenkins used one arm to hold Ms. Smith in place and used his free hand to rub between Ms. Smith's thighs, up into her shorts and her underwear, and touch her vagina.

24. Mr. Jenkins forcibly groped Ms. Smith in this manner for several seconds until she was able to break free from him.

25. Even after Ms. Smith got free from Mr. Jenkin's hold, he stood in front of the door and blocked her exit.

26. Mr. Jenkins told Ms. Smith he would not allow her to leave until she gave him her phone number.

27. Fearing for her safety and desperate to get away from Mr. Jenkins, Ms. Smith gave Mr. Jenkins an old phone number to appease him.

28. When she was able to get free from the clean room, Ms. Smith went into the restroom and cried while she tried to figure out what to do next.

29. Ms. Smith needed her job at Orafol and was scared she might lose her job if she complained only two months into her employment.

30. However, Ms. Smith was also scared for her safety and knew she couldn't continue to work in a place where she with could be sexually assaulted at any moment.

31. Ms. Smith gathered herself, decided to finish her shift, and speak with her husband about what she should do that evening.

32. First thing the next morning, on or about June 25, 2019, Ms. Smith called Orafol's human resources representative Rebecca Graham and left a voicemail in an attempt to report Mr. Jenkin's conduct.

33. Having not heard back from Ms. Graham after a few hours, Ms. Smith called Orafol's human resources manager Regina Tukes and complained about Mr. Jenkin's conduct.

34. After taking written statements from both Ms. Smith and Mr. Jenkins, Orafol assured Ms. Smith it would suspend Mr. Jenkins and investigation the situation during the suspension.

35. Ms. Smith file a police report with the Bryan County Sheriff's Office about Mr. Jenkins sexual assault.

36. Orafol took no action to investigate Mr. Jenkin's conduct during the suspension.

37. Instead, Orafol merely waited for the Bryan County Sheriff office to investigate the sexual assault.

38. The written statement Orafol received from Mr. Jenkins contains factual inconsistencies and contradictions, but Orafol took no action to investigate the truth of his statement.

39. The written statement Orafol received from Mr. Jenkins references a potential witness named "Scotty," but Orafol took no action to either interview "Scotty" or otherwise investigate whether he was, in fact, a witness.

40. On or about July 8, 2019, Orafol advised Ms. Smith that it would allow Mr. Jenkins to return to work the next day on July 9, 2019.

41. By allowing Mr. Jenkins to return to work, Orafol required Ms. Smith to work at the same location as the man who sexually assaulted her.

42. In doing so, Orafol forced Ms. Smith to choose between her physical safety and keeping her job, albeit working with a known sexual harasser and assaulter.

43. By forcing Ms. Smith to make this choice, instead of taking action to correct and prevent the sexual assault and harassment Ms. Smith endured, Orafol constructively discharged Ms. Smith's employment on July 9, 2010.

44. While Orafol offered to move Mr. Jenkins to a different shift, Orafol confirmed to Ms. Smith that the different shifts would still overlap, at least at the point of the shift change, thereby giving Mr. Jenkins continued access to Ms. Smith.

45. Defendants undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to the Plaintiff and her rights to be free from unwelcomed sexual advances, solicitations, and touchings.

46. Additionally, and in the alternative, Defendants undertook all of the above-pled conduct with reckless disregard for the Plaintiff and her rights to be free from unwelcomed sexual advances, solicitations, and touchings.

## COUNT I
### Sexual Harassment in Violation of Title VII
### (Against Defendant Orafol)

47. Plaintiff incorporates each of the above factual allegations as if fully restated here.

48. Defendant Orafol violated Plaintiff's rights under Title VII by, among other things, subjecting her to unwelcomed sexual comments, solicitations, and touchings, failing to take reasonable preventative or corrective measures with respect to the unlawful sexual conduct, and constructively discharging her employment.

49. Defendant Orafol's conduct constitutes unlawful sexual harassment by creating an unlawful hostile working environment, based upon gender, in violation of Title VII.

50. As a direct and proximate result of Defendant Orafol's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

51. Defendant Orafol undertook its unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against it.

52. Alternatively, Defendant Orafol undertook its unlawful conduct recklessly with respect to the Plaintiff and their federally protected rights, entitling Plaintiff to recover punitive damages against it.

## COUNT II
**Retaliation in Violation of Title VII**
**(Against Defendant Orafol)**

53. Plaintiff incorporates each of the above factual allegations as if fully restated here.

54. Title VII prohibits employers from retaliating against employees who report or oppose sexual harassment.

55. Defendant Orafol unlawfully retaliated against Plaintiff, in violation of her rights under Title VII by, among other things, constructively discharging her employment because she opposed and/or reported Defendant Mr. Jenkin's unwelcomed sexual conduct.

56. Defendant Orafol's conduct constitutes unlawful retaliation in violation of Title VII.

57. As a direct and proximate result of Defendant Orafol's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

58. Defendant Orafol undertook its unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against it.

59. Alternatively, Defendant Orafol undertook its unlawful conduct recklessly with respect to the Plaintiff and their federally protected rights, entitling Plaintiff to recover punitive damages against it.

## COUNT III
**Assault**
**(Against Defendant Jenkins in his Individual/Personal Capacity)**

60. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

61. The actions of Defendant Jenkins described above constitute assault as he threatened to and did in fact make unjustified, unwelcomed, harmful, and offensive contact with Plaintiff.

62. As a direct and proximate result of the assault committed by Defendant Jenkins, Plaintiff suffered, and will in the future suffer from physical and emotional harm and other damages.

63. Defendant Jenkins acted with malice when he assaulted Plaintiff.

## COUNT IV
**Battery**
**(Against Defendant Jenkins in his Individual/Personal Capacity)**

64. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

65. The actions of Defendant Jenkins described above constitute battery as he made unjustified, unwelcomed harmful, and offensive physical contact with Plaintiff.

66. As a direct and proximate result of the battery committed by Defendant Jenkins, Plaintiff suffered, and will in the future suffer from physical and emotion harm and other damages.

67. Defendant Jenkins acted with malice when he battered Plaintiff.

## COUNT V
**Negligent Hiring, Retention, and Supervision**
**(Against Defendant Orafol Americas, Inc.)**

68. Plaintiff incorporates all preceding paragraphs of the Complaint.

69. Orafol owed a duty of care to Plaintiff to exercise reasonable caution and diligence when hiring, retaining, and/or supervising Defendant Jenkins so as to avoid employing a man who could be reasonably foreseen to sexually harass, assault, or otherwise endanger female employees as Defendant Jenkins did in this case.

70. Defendant Orafol breached this duty of care by, inter alia, failing to perform reasonable pre-employment investigation and inquiry concerning Defendant Jenkins and by otherwise failing to exercise reasonable caution and diligence when hiring him.

71. Defendant Orafol further breached this duty of care when it, inter alia, became aware that Defendant Jenkins was sexually harassing women, including but not limited to Ms. Smith, and took no action to review his employment or remove him from employment.

72. As a direct and proximate result of Defendant Orafol's breach of this duty of care, Plaintiff has suffered damages, including emotional damages and loss of employment and compensation.

73. After hiring Defendant Jenkins, Defendant Orafol owed a continuing duty of care to Plaintiff to exercise reasonable caution and diligence in retaining, supervising, and training Defendant Jenkins to avoid reasonably foreseeable conduct amounting to sexual harassment, assault, battery or otherwise endangering female employees as Defendant Jenkins did in this case.

74. Defendant Orafol breached this duty of care by, inter alia, failing to intercede despite actual and/or constructive knowledge making it reasonably foreseeable that Defendant Jenkins would sexually harass, assault, or otherwise endanger female employees like Plaintiff as happened in this case.

75. As a direct and proximate result of Defendant Orafol's breach of its duty of care, Plaintiff has suffered damages, including emotional damages and loss of employment and compensation.

## COUNT VI
## False Imprisonment
## (Against All Defendants)

76. Plaintiff incorporates each of the above factual allegations as if fully restated herein.

77. On or about June 24, 2019, Defendant Mr. Jenkins sexually assaulted and battered and falsely imprisoned Ms. Smith.

78. Immediately before, during, and immediately after Defendant Mr. Jenkins was assaulting and battering Ms. Smith, he falsely imprisoned Ms. Smith in in the clear room on Defendant Orafol's premises by blocking her exit from the room.

79. When Ms. Smith repeatedly attempted to leave the clean room, Defendant Jenkins refused to let her leave until she agreed to give him her phone number.

80. Ms. Smith feared for her safety.

81. Defendant Orafol knew, or through the exercise of reasonable diligence

should have known that Defendant Mr. Jenkins has a propensity to sexually harass and/or assault female employees.

82. Had Defendant Orafol taken remedial action against Defendant Mr. Jenkins, he would not have had the opportunity to assault and falsely imprison Ms. Smith.

83. Because Defendant Orafol failed to take remedial action and failed to intercede on Ms. Smith's behalf, Defendant Orafol ratified, condoned, and adopted Defendant Mr. Jenkin's conduct and is liable for his assault and false imprisonment of Ms. Smith.

## COUNT VII
### Punitive Damages O.C.G.A. § 51-12-5.1
### (Against All Defendants)

84. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

85. Defendants above-pled actions were willful, malicious, wanton and/or oppressive within the meaning of O.C.G.A. § 51-12-5.1(b).

86. Additionally, and in the alternative, Defendants' actions display within the meaning of that statute, an entire want of care indicative of a conscious indifference to their actions' consequences.

## COUNT VIII
### Attorneys' Fees and Expenses of Litigation O.C.G.A. § 13-6-11
### (Against All Defendants)

87. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

88. Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendants violated the Plaintiff's rights under the Title VII and violated state tort laws;

b. an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

c. compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

d. punitive damages, against Defendants, in an amount to be determined by the enlightened conscience of the jury, to sufficiently punish

>   Defendants for their conduct toward Plaintiff and deter him from similar conduct in the future;
>
> e.   reasonable attorneys' fees and costs; and
>
> f.   other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 2nd day of October, 2020

> **LEGARE, ATTWOOD & WOLFE, LLC**
>
>
> /s/ *Amelia A. Ragan*
> Amelia A. Ragan
> Georgia Bar No. 831387
> aaragan@law-llc.com

125 Clairemont Ave, Suite 380
Decatur, GA 30030
Tel: (470) 823-4000
Fax: (470) 201-1212

Counsel for Plaintiff